IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,   CASE NO.  CIV S-04-1337 DFL CMK

    Plaintiff,

vs.   ORDER

DEL TACO, INC., et al.

    Defendant.

    The plaintiff, James Sanford, filed his motion to compel discovery on May 10, 2005. The parties' counsel are also engaged in other similar types of litigation in federal courts throughout the state of California.   Cooperation between counsel appears to be minimal,  if nonexistent, and compliance with Local Rule 37-251 is token "at best".

    In the present case, plaintiff properly served interrogatories and requests for admissions on January 13, 2005. Defendants responded to said discovery on February 15, 2005. The defendants' responses to the initial discovery were woefully inadequate. Although many of plaintiff's discovery requests are boilerplate and overbroad, the defendants' boilerplate objections add little to the spirit of cooperation. There is no give or take. Each counsel's concept of satisfying the "meet and confer" requirements of Rule 37-251 involves nothing more than the sending and faxing of self-serving letters, and engaging in phone and email tag.

    Plaintiff's frustration is understandable. When confronted with the inevitable motion to

1

compel, defendants chose to file supplemental responses at the eleventh hour.

The plaintiff's May 10th motion does not take into account defendants' supplemental responses which were submitted a day earlier. In addition, the parties indicated on the record during the hearing that a few of the discovery issues had or were in the process of being resolved. The court is unaware of the progress, if any, following these representations.

Enjoying this same type of judicial frustration in a similar case between the same parties and counsel, Judge Nowinski rightfully vacated the discovery hearing, noting the parties' failure to comply with Rule 37-251.[1]

Following the hearing on June 22, 2005, the court was left with most of the remaining discovery disputes, but is now required to analyze the supplemental responses (which the plaintiff has not done) and to attempt to assimilate the stipulations made in open court as to the few disputes that were or would be resolved by agreement of the parties.

Although Judge Nowinski's approach to these discovery "squabbles" is certainly the most expeditious, this court initially believed that it was capable of sifting through the moving and opposing papers and making proper headway. This goal has proved to be too ambitious.

The defendants have now filed an unrelated motion to compel which is scheduled before this court on August 16, 2005. Although the parties' compliance with the "meet and confer" requirements under Rule 37-251 as to the most recent motion appears dubious, the court believes that the hearing date will offer each side an opportunity to file a supplemental joint statement as to the present motion which would correctly set forth the remaining discovery disputes following the

---

[1] See, Sanford v. Del Taco, EDCA, Civ. S-04-2154 GEB PAN

plaintiff's receipt of defendant's supplemental responses and the status of the discovery concessions made in court on June 22nd.

For the foregoing reason, and good cause appearing,

IT IS HEREBY ORDERED, THAT, plaintiff's motion to compel is continued to August 16, 2005, at 10:00; and the parties are ordered to file a supplemental Joint Statement, on or before August 10, 2006.

DATED:   July 15, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE