IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD, | CASE NO. CIV 04-1337 DFL CMK |
| Plaintiff, | |
| vs. | ORDER |
| DEL TACO, INC., et al. | |
| Defendant. | |
| _____/ | |

The motion for an order by Plaintiff compelling response, or further response to Defendants' Response to Request for Production of Documents; Interrogatories; and Request for Admissions came on regularly for hearing on August 16, 2005, before the Honorable Craig M. Kellison, United States Magistrate Judge, at the United States District Court, 2986 Bechelli Lane, Redding, California. Plaintiff appeared by counsel Mark Emmett of the Law Offices of Lynn Hubbard; and Defendant appeared by counsel Lisa A. Wegner of the Law Offices of Call, Jensen and Ferrell.

On July 15, 2005, this Court entered an order requiring the parties to file a "Supplemental Joint Statement" that would address the remaining discovery disputes following the hearing on June 22, 2005. In particular, the Court was concerned with the status of Plaintiff's Motion to Compel Further Answers to Interrogatories that was filed on May 10, 2005, since in the interim the Defendants had (belatedly) filed supplemental responses.

1

**BACKGROUND**

Plaintiff filed this action against Defendants Del Taco, Inc., Yukata Miura and Mary Miura, alleging, inter alia, that Defendants failed to remove architectural barriers when it was readily achievable to do so, and violating the Americans with Disabilities Act ("ADA").  Plaintiff seeks injunctive relief under state and federal disabled access laws, and damages under California Civil Code §§ 54.3(a) and 52(a).

**DISCOVERY DISAGREEMENT**

Generally, the scope of discovery under Fed. R.Civ.P. 26(b)(1) is broad.  Rule 26(b)(1) permits discovery of any information "relevant to the subject matter of the action."  This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. Rule 26(b)(1).  The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome.  Fed. R.Civ.P. 26(b)(2)(i)(ii) and (iii).

In light of the broad construction given to discovery requests, the objecting party has a heavy burden to show why discovery should be denied, by clarifying and explaining its objections, and providing support therefore.  Failure to meet this obligation may result in waiving the objections.  See Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (objections should be plain and specific); 8 C. Wright & A. Miller, Federal Practice & Procedure:  Civil § 2173 (1994;  1999 Suppl.).

In reviewing both the Defendants' Responses and Supplemental Responses to Plaintiff's discovery, it is clear that the objections deal primarily with Defendants' claims that Plaintiff lacks standing, or has not sustained an "injury in fact"as to all, or a significant number of the alleged violations.  See generally, Valley Forge Christian Coll. V. Ams. United for Separation of Church

and State, Inc., 454 U.S. 464, 473, 102 S.Ct. 752 (1982); <u>Access Now, Inc. V. S. Fla</u>. <u>Stadium Corp</u>. 1616 F.Supp.2d 1357, 1365 (S.D. Fla. 2001).  Similarly, Defendants have refused to "admit" or "deny" virtually all of the Requests for Admissions on the assurance that "defendants have taken steps to ensure that the . . . Restaurant is ADA compliant".

Of course all of Defendants' objections are reserved until trial, and all of these issues or defenses are more properly raised either at trial or in the parties' anticipated motions for summary judgment.  In addition, most of the objections would require this court to arrive at various findings of fact, again dealing with standing and injury in fact.  This it will not do.

Similarly, virtually all of Defendants' objections require this court to adopt and accept statements made by the Plaintiff during his deposition taken on March 15, 2005.  Neither party, however, has attached a copy of this deposition transcript.

On proof made to the satisfaction of the court that the motions ought to be granted, or partially granted,

**<u>INTERROGATORIES</u>**

IT IS ORDERED that the motion be, and hereby is granted as to the following interrogatories:

1. As to Interrogatory Nos. 3, 4 and 5 Plaintiff's motion is granted and the Defendants are ordered to provide responses to the subparts (a) through (d).

2. As to Interrogatory Nos. 2 and 6, Plaintiff's motion is granted and the Defendants are ordered to provide a response to the Interrogatories and to subparts (a) through (d).

3. As to Interrogatory No. 7, Plaintiff's motion is granted and the Defendants are ordered to provide responses relating to any alternation of the Restaurant occurring after January 26, 1992.

**<u>REQUESTS FOR PRODUCTION</u>**

IT IS ORDERED that the motion be, and hereby is granted as to Request for Production of Documents No. 11, and the Defendants are ordered to provide balance sheets and profit and loss

statements for the last three (3) calendar years for the Del Taco location in question. To the extent, that these documents prove insufficient, Plaintiff may bring a further motion to compel.

**REQUESTS FOR ADMISSIONS**

IT IS ORDERED that the motion be, and hereby is granted and the Defendants are ordered to admit or deny Requests for Admissions Nos. 11, 12, 14, 15, 16, 17, 21, 22, 24 and 25. Plaintiff's motion as to Requests for Admissions Nos. 13, 18, 19, 23 and 26 is denied, it appearing to the Court that the Defendants responses are adequate on the basis that they lack sufficient information to either admit or deny said requests.

Defendants are ordered to provide the above-referenced responses, or further responses within 30 days of the entry of this order.

DATED: August 31, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE