IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD

    Plaintiff,

    v.

DEL TACO, INC. dba DEL TACO #140; YUTAKA MIURA and MARY MIURA; and DOES 1 through 10,

    Defendants.

CIV-S-04-1337 DFL CMK

MEMORANDUM OF OPINION AND ORDER

    Defendants move for summary judgment on all of plaintiff's claims. In addition, defendants move to amend their answer to include the affirmative defense that the removal of architectural barriers from their store is not readily achievable. In his opposition to the motion for summary judgment, plaintiff requests a Rule 56(f) continuance. For the reasons stated below, the court: (1) DENIES defendants' motion for summary judgment without prejudice to its renewal; (2) GRANTS Sanford's request for a Rule 56(f) continuance to allow for a site inspection within 30 days of the filed date of this order; and (3) GRANTS defendants' motion to amend their answer.

1

I.

Plaintiff Sanford ("Sanford") is a disabled person who uses a motorized wheel chair and a specially equipped van to travel. (Compl. ¶ 7.) Sanford alleges that architectural barriers within and around the Del Taco restaurant ("restaurant") located at 2200 Arden Way denied him equal access to the restaurant and deterred him from visiting it. (Compl. ¶¶ 18, 20, 21.)

On July 13, 2004, Sanford filed this suit. He brings claims under: (1) the ADA (42 U.S.C. §§ 12101 *et seq.*); (2) the Disabled Persons Act (Cal. Civ. Code §§ 54 *et seq.*); (3) the Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq.*); (4) California Health and Safety Code § 19955; (5) the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (6) state tort law (negligence Per Se) (Cal. Civ. Code § 1714). (Compl. ¶¶ 26-96.)

II.

A. Motion for Summary Judgment

Defendants move for summary judgment on all of Sanford's claims. In response, Sanford requests a continuance under Rule 56(f). (Opp'n to Mot. for Summary Judgment at 2.) Sanford argues that he cannot respond to defendants' motion without an additional site inspection. (Id. at 2.)

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." Burlington N. & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the

Fort Peck Indian Reservation, Mont., 323 F.3d 767, 773 (9th Cir. 2003).

To justify continuing a summary judgment motion under Rule 56(f), the party seeking a continuance must show the following: "(1) that [the party has] set forth in affidavit form the specific facts that [it] hope[s] to elicit from further discovery; (2) that the facts sought exist; and (3) that these sought-after facts are essential to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

Here, Sanford did not file a motion under Rule 56(f). Instead he raised the issue in his opposition to defendants' motion for summary judgment, and then, on September 14, 2005, he filed a "Declaration for a Rule 56(f) Continuance." In these documents, Sanford argues that he must conduct a site inspection, before the summary judgment motion, because it is the only way he can: (1) determine whether defendants removed the alleged ADA violations; and (2) uncover any new ADA violations created by the modifications. (Opp'n to Mot. for Summ. J. at 4; Hubbard Decl. ¶¶ 5-6.)

Whether defendants have removed the architectural barriers is the central issue in this case. If Sanford inspects the restaurant and finds that defendants have not removed the barriers, then his claim is not moot under the ADA. The facts gained from another site inspection could defeat the motion for summary judgment. In addition, discovery ended on October 19,

3

2005, after Sanford requested the 56(f) continuance.  (10/13/04 Order at 3.)

Because an additional site inspection could lead to "essential" facts that would defeat a motion for summary judgment, defendants' motion is premature.  See Eiden v. Home Depot USA, Inc., 2005 WL 2240462, at * 1 (E.D. Cal. 2005).  Therefore, defendants' motion for summary judgment is DENIED without prejudice to its renewal.

In addition, Sanford is granted a site inspection for the limited purpose of determining whether defendants have removed the alleged architectural barriers.  The site inspection shall not be the basis for new claims, and must be completed within 30 days from the date of this order.

B. Motion to Amend the Answer

Defendants move to amend their answer to include the affirmative defense that the removal of architectural barriers from the store is not readily achievable.  (Mot. to Amend at 7.) In the alternative, defendants argue that the not "readily achievable" defense is not an affirmative defense.  (Id.)

1. Affirmative Defense

It is not entirely clear whether the not "readily achievable" defense should be viewed as an affirmative defense under F.R.Civ.P. 8.  The Tenth Circuit has found that it is an affirmative defense.  Colo. Cross Disability Coalition v. Hermanson Family Ltd. P'Ship I, 264 F.3d 999, 1002-3 (10th Cir. 2001).  The Ninth Circuit has not ruled on this particular issue.

4

Assuming that defendants should have pleaded this defense in their answer, there is no good reason to prohibit them from amending their answer. Defendants notified Sanford at least three times that they planned to argue that modifications to the restaurant were not readily achievable. First, in their answer, defendants denied Sanford's allegation in his complaint that it was readily achievable for Del Taco to remove the architectural barriers. (Wegner Decl. ¶ 2.) Second, on Jan 13, 2005, defendants refused to sign a stipulation from Sanford that barrier removal was readily achievable. (Wegner Decl. ¶ 3.) Finally, on May 5, 2005, in response to Sanford's interrogatories, defendants stated that modifications to the store were not readily achievable. (Wegner Decl. ¶ 5.)

Because defendants notified Sanford that they disputed whether modifications to the store were readily achievable, Sanford will not be prejudiced by defendants amendment to their answer. In light of the circumstances, the court finds that defendants have acted in good faith and that no prejudice will be suffered by plaintiff if the amendment is permitted. Therefore, defendants' motion to amend the answer is GRANTED.

III.

For the reasons stated above, the court: (1) DENIES defendants' motion for summary judgment without prejudice to its renewal; (2) GRANTS Sanford's request for a Rule 56(f) continuance to allow for a site inspection within 30 days of the date of this order; and (3) GRANTS defendants' motion to amend

5

1 their answer.
2      IT IS SO ORDERED.
3 Dated: 11/11/2005

_____
DAVID F. LEVI
United States District Judge